UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LANE HOLDINGS, INC.,

                Plaintiff,

-v-

KLIGER-WEISS INFOSYSTEMS INC.,

                Defendant.

Civil Action No. 2:17-cv-06631-JFB-ARL
Hon. Sandra J. Feuerstein

### PLAINTIFF LANE HOLDINGS INC.'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT KLIGER-WEISS INFOSYSTEMS INC.'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Lane Holdings, Inc. ("Lane") respectfully submits this Memorandum of Law in opposition to Defendant Kliger-Weiss Infosystems, Inc.'s' ("KWI") objection to the Magistrate Judge's Report and Recommendation (the "Report") insomuch as the Report recommended dismissal of Count II of KWI's Counterclaim. In its objection, KWI argued that the last page of the Parties' 2015 Statement of Work ("SOW") was an addendum/five-year extension of their 2008 Service Contract, obligating Lane to pay monthly fees to KWI for a full five-year term. In the Report, Magistrate Judge Lindsay expressly rejected KWI's argument, finding that, "The SOW does not contain an integration clause and as noted above does not specifically reference the [Service Contract] or any provision therein. The Court therefore concludes that the term addendum as used in the SOW unambiguously refers to a possible agreement extending the terms of the [Service Contract] **which was never entered by the parties**." (Report at 13) (emphasis added). Magistrate Judge Lindsay then correctly recommended dismissal of Count II of the Counterclaim,

because the SOW was not a five-year extension of the Service Contract and there were accordingly no "additional monthly fees" owed.

Magistrate Judge Lindsay's Report was entirely correct and consistent given the position taken by KWI with respect to Count II. Specifically, Count II titled "Additional Monthly Fees" alleges that Lane failed to make monthly payments of $6,350 due "under the Agreement, as modified by the Supplement." (Counterclaim ¶¶ 49-50). As KWI's principal, Sam Kliger, explained at his deposition,

> Q. the second counterclaim, on page 8, states that "Lane paid only a small portion of the additional $6,350 in monthly payments due since January 1, 2016, under the [Service Contract] as modified by the [SOW]…"
> ***
> And how did you come up with the -- $6,350 is Schedule B, right?"
>
> A. Yes.

(ECF Doc. No. 59-3, Kliger Tr. 75-76: 18-10).

> Q. And so what is the balance of the $160,000 claimed here?
>
> A. I'm not 100 percent certain of what that is. I would imagine that – I – I don't know. I know that **we have a spreadsheet detailing the schedule of the five years and what it – what the value of this agreement is**.

(ECF Doc. No. 59-3, Kliger Tr. at 77)

Now, in its Objection to the Report, KWI reverses course and invents a new "claim" out of whole cloth, while not challenging Magistrate Judge Lindsay's conclusion in the Report that the SOW is not an "addendum," and thus cannot be, a five-year extension of the Service Contract. KWI now claims that Count II of its Counterclaim is suddenly independent of the "five-year extension," and KWI can, retroactively, charge Lane for nearly 3 years' of fees included in the SOW as part of a "5-year" addendum that KWI now accepts never occurred. In essence, what KWI

#9597975 v2 \026554 \0001

2

is saying is that even though the Court ruled there was no five-year extension, KWI still gets to charge Lane as if there was an extension in place, just for a shorter period of time.

Specifically, Schedule B to the SOW provides the "Monthly Service Fee" Lane would have paid -- $6,350 -- *if* "Lovers Lane [signed] an addendum for a five (5) year extension of the KWI Agreement." (SOW at 5). Since KWI knows it has failed on that argument, it is now attempting to claim it is somehow entitled to charge that fee anyway to Lane from the day Lane executed the SOW until the day it properly terminated its Service Contract. However, KWI does not get to do that for three distinct reasons.

First, *Lane paid KWI all fees owed to KWI up until Lane's termination became effective.* Indeed, that agreement was part of the preliminary injunction entered by this Court:

> THE COURT: … I think they [Lane] agreed to pay you the money in advance up to April for the services that are currently being provided. Right? Wasn't that in your papers?
>
> MR. GILBERT: Correct, Your Honor.
>
> THE COURT: So that's not an issue…

(ECF Doc No. 26, Preliminary Injunction hearing transcript at 21-22: 24-8). Following the hearing, Lane and KWI entered into a stipulation (ECF Doc No. 30) in which Lane and KWI agreed to proceed under the Service Contract until Lane's termination became effective, and in accordance with that stipulation Lane paid KWI all fees due up until it was no longer using KWI. **Exhibit 1, Payment of Services to KWI**.

None of this has been in dispute throughout the two and a half years this litigation has been in existence. KWI set the price for those services, Lane paid them. KWI cannot now retroactively go back and jack it up by another $160,000.

Second, even if the Court were to accept this "new" theory, it would be awarding KWI a windfall. The new prices on Schedule B were for services and equipment that Lane never received: the Cloud 9 Mobile Platform, which was never installed in Lane's stores. That entire period Lane was using its old equipment, and since KWI now admits that the SOW was not a five-year new Service Agreement, it cannot charge new prices it did not have a contract for. (ECF Doc. No. 59-14, Lane's Rule 56.1 Statement ¶¶ 67, 79- 81)

Third, the entirety of the second Counterclaim rises and falls on the SOW "modifying" the Service Contract, as KWI alleges in its Counterclaim. In the Report, Magistrate Judge Lindsay expressly found no such modification, and because KWI has not challenged this finding it is now bound with that, and its objection to the dismissal of Count II fails. *Cephas v Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point.").

## CONCLUSION

For all of the foregoing reasons, the Report's recommendation that Count II of KWI's Counterclaim be dismissed should be adopted as the opinion of the Court, KWI's Objection to the Magistrate Judge's Report and Recommendation should be denied, and the Court should award Lane its costs and attorney's fees in having to pursue and defend this action.

Dated: New York, New York
       July 17, 2020

                                 MORRISON COHEN LLP

                                 By: *Edward Gilbert*

                                 Edward P. Gilbert
                                 909 Third Avenue

New York, New York 10022
(212) 735-8600

*Attorneys for Plaintiff
Lane Holdings, Inc.*

#9597975 v2 \026554 \0001