UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LANE HOLDINGS, INC.,

                    Plaintiff,

        -against-

KLIGER-WEISS INFOSYSTEMS, INC.,

                  Defendant.
-----------------------------------------------------------------X
FEUERSTEIN, District Judge:

**ORDER**
17-CV-6631(SJF)(ARL)

FILED
CLERK

11:55 am, Oct 09, 2020

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

      Pending before the Court are: (i) the objections of plaintiff Lane Holdings, Inc.

("plaintiff" or "Lane") to so much of the Report and Recommendation of the Honorable Arlene

R. Lindsay, United States Magistrate Judge, dated May 22, 2020 ("the Report"), as recommends

denying the branch of its motion seeking summary judgment pursuant to Rule 56 of the Federal

Rules of Civil Procedure dismissing the first counterclaim of defendant Kliger-Weiss

Infosystems, Inc. ("defendant" or "KWI"); and (ii) defendant's objections to so much of the

Report as recommends granting the branch of plaintiff's motion seeking summary judgment

pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing defendant's second

counterclaim. For the reasons set forth below, the Report is accepted in its entirety.


I.      Discussion

      A.      Standard of Review

      Any party may serve and file written objections to a report and recommendation of a

magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy

thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and

recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

B.     Plaintiff's Objections

Plaintiff seeks "limited review" of so much of the Report as recommends denying the branch of its motion seeking summary judgment dismissing defendant's first counterclaim "on the basis of new evidence that was previously not available." (Plf. Obj. at 1). According to plaintiff, while the summary judgment motion was *sub judice*, the parties entered into a stipulation (the "Stipulation"), filed March 16, 2020, *i.e.*, two (2) months before Magistrate Judge Lindsay issued the Report, pursuant to which, *inter alia*, defendant stipulated that: "at some point after Lane gave notice in November 2017 of its intention to terminate the parties' relationship, KWI placed certain of the iPads and iTouches that it had purchased for Lane (collectively, the 'Subject iPads/iTouches') into KWI's 'equipment depot;' . . . KWI does not

2

maintain, and thus does not have, documents reflecting the disposition of the Subject iPads/iTouches, including their deposit into, or withdrawal from, said equipment depot; . . . [and] KWI has delivered some of the Subject iPads/iTouches to other of KWI's customers in exchange for like iPads and iTouches (i.e., iPads and iTouches of the same model/generation) requiring repair or refurbishment. . . ." (Docket Entry ["DE"] 66). Plaintiff contends that the Stipulation "operates as a complete legal bar to Count I of KWI's Counterclaim," (Plf. Obj. at 2), because: (i) "KWI cannot actually show it has lost any money from the alleged breach [of contract]" and, thus, cannot prove that it suffered any damages caused by plaintiff's breach, (*id.* at 3, 10-14); and (ii) "KWI cannot overcome Lane's affirmative defense" since "it cannot show the Court with any certainty how successful it was" in mitigating its damages. (*Id.* at 3, 15-16).

In addition, plaintiff contends, *inter alia*, that Magistrate Judge Lindsay's finding that the services identified in the parties' October 2, 2015 Statement of Work (the "SOW") "go beyond the mere provision of hardware and at this juncture are sufficient to defeat summary judgment on the basis of a failure to show any damages," (Report at 9), is "contrary to the terms of the SOW document itself and the sworn testimony of both of KWI's witnesses in this case." (Plf. Obj. at 16-18) (emphasis omitted).

Although a district judge, upon *de novo* review of a magistrate judge's report and recommendation, has discretion to "receive further evidence," 28 U.S.C. § 636(b)(1), "courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Fischer v. Forrest*, 286 F. Supp. 3d 590, 603 (S.D.N.Y., 2018), *aff'd*, 968 F. 3d 216 (2d Cir. 2020) (quotations and citation omitted). "The submission of new evidence following such a Report is merited only in rare cases, where the party objecting to a Report has offered a most compelling reason for the late production of such evidence, . . . or a compelling

justification for its failure to present such evidence to the magistrate judge." *Fischer*, 286 F. Supp. 3d at 603 (quotations, alterations and citations omitted); *see also New York City Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 338 (S.D.N.Y. 2018), *appeal withdrawn*, 2019 WL 1222841 (2d Cir. Feb. 1, 2019) ("[C]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation absent a compelling justification for failure to present such evidence to the magistrate judge." (quotations and citation omitted)); *VOX Amplification Ltd. v. Meussdorffer*, 50 F. Supp. 3d 355, 368 (E.D.N.Y. 2014) ("A district court conducting a de novo review of a magistrate judge's report and recommendation is permitted, but not required, to supplement the record by entertaining additional evidence. . . . Nevertheless, absent a most compelling reason, the submission of new evidence in conjunction with objections to the Report and Recommendation should not be permitted." (quotations, alterations and citations omitted)). "[F]or the district judge to review new evidence or arguments would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Michalow v. East Coast Restoration & Consulting Corp.*, No. 09-cv-5475, 2018 WL 1559762, at *6 (E.D.N.Y. Mar. 31, 2018) (quotations and citation omitted); *see also Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998) ("Considerations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration, and we have upheld the exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's *de novo* review."); *Schiff v. Yayi Int'l Inc.*, No. 15-cv-359, 2020 WL 3893345, at * 3 (S.D.N.Y. July 9, 2020) ("Objections to magistrate judge's report and recommendation are not opportunities to receive a 'second bite at the apple,' as the goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary." (quotations and citation omitted));

*Morris v. Amalgamated Lithographers of Am., Local One*, 994 F. Supp. 161, 163 (S.D.N.Y. 1998) ("While there may be cases in which the receipt of further evidence is appropriate, there are substantial reasons for declining to do so as a general matter. First, permitting such piecemeal presentation of evidence is exceptionally wasteful of the time of both the magistrate and district judges, the former having been compelled to write an arguably useless report based on less than the universe of relevant evidence and the latter being deprived of the benefit of the magistrate judge's considered view of the entire record. Second, opposing parties would be put to the burden of proceedings which, to a considerable degree, would be duplicative. Third, there would be instances in which parties would be encouraged to withhold evidence, particularly evidence which might be embarrassing as well as helpful on the merits, in the expectation of using it before the district judge only if they failed to prevail before the magistrate judge on a more abbreviated showing. Finally, the routine consideration of evidence in support of objections which could have been presented before the magistrate judge would reward careless preparation of the initial papers.")

Plaintiff could have presented the Stipulation, or at least sought leave to present it, in a post-submission application to the Court prior to Magistrate Judge Lindsay's issuance of the Report, rather than submitting it as purportedly new evidence in support of its objections.[1] Plaintiff provides no explanation for its failure to do so. Plaintiff's failure, *inter alia*, to take any

---

[1] The Stipulation resulted from Magistrate Judge Lindsay's order, entered December 5, 2019, granting in part plaintiff's letter motion to compel discovery relating to defendant's damages and attempts to mitigate damages, which was filed on November 19, 2019, more than seven (7) months after discovery closed and less than three (3) weeks after plaintiff filed its motion for summary judgment. Accordingly, plaintiff could have sought, *inter alia*, to hold its motion for summary judgment in abeyance, and for leave to supplement its submissions on the motion, pending resolution of its motion to compel and compliance with Magistrate Judge Lindsay's December 5, 2019 order. Plaintiff offers no explanation for its failure to do so. Indeed, in the more than three (3) months that elapsed between the issuance of the December 5, 2019 order and the filing of the Stipulation, plaintiff did not notify the Court of any outstanding discovery on the issue of defendant's damages, nor seek any other relief from the Court with respect to such discovery, any failure to comply with the December 5, 2019 order, or its pending motion for summary judgment.

steps to provide the evidence to Magistrate Judge Lindsay in the more than two (2) months between the filing of the Stipulation and the issuance of the Report does not qualify as a compelling justification warranting this Court's consideration of such evidence. *See, e.g. Anderson v. City of New York*, No. 16 Civ. 1051, 2017 WL 3251603, at *3 (S.D.N.Y. July 31, 2017); *Tavares v. City of New York*, No. 08 Civ. 3782, 2011 WL 5877548, at * 2 (S.D.N.Y. Nov. 23, 2011).

In any event, the Stipulation does not alter the Report's finding that plaintiff failed to demonstrate its entitlement to judgment as a matter of law dismissing defendant's first counterclaim, particularly since, *inter alia*, the Stipulation addresses only the issue of the disposition of the Subject iPads/iTouch units and expressly provides that "[t]he parties assert opposing positions as to whether the stipulated facts reduce KWI's alleged damages."

With respect to the issue of mitigation of damages, since the failure to mitigate damages is an affirmative defense, *see Travellers Int'l, A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1580 (2d Cir. 1994), plaintiff bears the burden of demonstrating, once the fact of damages is established, that defendant "could have lessened its damages and acted unreasonably in failing to do so." *Tabatznik v. Turner*, No. 14 Civ. 8135, 2016 WL 1267792, at *5 (S.D.N.Y. Mar. 30, 2016); *see also Acco, Ltd. v. Rich Kids Jean Corp.*, No. 15 Civ. 7425, 2017 WL 4350576, at * 7 (S.D.N.Y. May 3, 2017). In other words, once the non-breaching party "show[s] a stable foundation for a reasonable estimate of the damage incurred as a result of the breach, . . . the burden of uncertainty as to the amount of damage is upon [the breaching party]." *Olin Corp. v. Lamorak Ins. Co.*, 332 F.Supp.3d 818, 856 (S.D.N.Y. 2018); *see also Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 110-11 (2007) ("'Certainty,' as it pertains to general damages, refers to the fact of damage, not the amount. For when it is certain that damages have

been caused by a breach of contract, and the only uncertainty is as to their amount, there can rarely be good reason for refusing, on account of such uncertainty, any damages whatever for the breach. A person violating his contract should not be permitted entirely to escape liability because the amount of the damage which he has caused is uncertain. . . . The burden of uncertainty as to the amount of damage is upon the wrongdoer. . . . The [non-breaching party] need only show a stable foundation for a reasonable estimate of the damage incurred as a result of the breach. . . . Such an estimate necessarily requires some improvisation, and the party who has caused the loss may not insist on theoretical perfection." (quotations, alterations and citations omitted)).

Since, *inter alia*, plaintiff has not demonstrated its entitlement to judgment as a matter of law on the basis of defendant's failure to show any damages with respect to the first counterclaim, and plaintiff's contentions regarding defendant's alleged failure to mitigate damages present triable issues of material fact, Magistrate Judge Lindsay correctly recommended that the branch of plaintiff's motion seeking summary judgment dismissing defendant's first counterclaim be denied. Thus, upon consideration of plaintiff's objections and defendant's response thereto, and *de novo* review of the findings and conclusions in the Report to which plaintiff specifically objects, as well as all motion papers and the entire record, plaintiff's objections are overruled and so much of the Report as recommends denying the branch of its motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing defendant's first counterclaim is accepted in its entirety.

C.     Defendant's Objections

Defendant contends, *inter alia*, that Magistrate Judge Lindsay erred in concluding that its second counterclaim "could not survive unless the SOW constituted a five-year extension of the parties' relationship." (Def. Obj. at 2). According to defendant, the Report "could not logically sustain the first counterclaim without also sustaining the second counterclaim, because KWI's recoverable damages under the second counterclaim are not related to the five-year extension rejected by Magistrate Judge Lindsay. Rather, it is the third counterclaim that seeks a recovery for a five-year extension." (Def. Obj. at 1). Defendant further maintains that "[i]n recommending denial of summary judgment for the plaintiff dismissing the first counterclaim, the [Report] necessarily accepts the proposition that the plaintiff agreed in the SOW to purchase certain equipment and services. This underlying premise should entitle KWI to proceed to trial on its second counterclaim. . . . [which] seeks damages *only* for the plaintiff's failure to pay the full contract rate for monthly service charges for the rollout through April 1, 2018, the effective termination date of the parties' relationship." (*Id.* at 2) (emphasis in original). According to defendant, "even though the [Report] concludes that the SOW did not bind the plaintiff to a five-year service extension, the plaintiff still must pay the service charges associated with the technology rollout for the period in which KWI actually serviced the plaintiff." (*Id.* at 2-3).

Defendant's second counterclaim, entitled "Breach of Contract: Additional Monthly Payments," alleges, in relevant part: (i) that "Lane paid only a small portion of the additional $6,350 in monthly payments due since January 1, 2016, under the Agreement, as modified by the

Supplement[,]"[2] (Am. Ans., ¶ 49); and (ii) that "Lane is in default in payment of the $6,350

monthly payments due under the Agreement, as modified by the Supplement." (*Id.*, ¶ 50).

However, the SOW specifically provides that the $6,350 monthly payments, which defendant's

principal testified refers to the "Cloud 9 Mobile Platform Monthly Maintenance Fees" set forth

in Schedule B of the SOW, were "based on [plaintiff] signing an addendum for a five (5) year

extension to the [2008] KWI Agreement," (SOW at 5); and defendant does not challenge

Magistrate Judge Lindsay's findings that the "Supplement," or SOW, is not such an "addendum"

to the 2008 Agreement, and that the parties never entered into such an addendum extending the

terms of the 2008 Agreement. Accordingly, Magistrate Judge Lindsay correctly found, *inter alia*,

that the SOW "simply contemplates that the price of any services rendered by the defendant

under the SOW would become fixed if the plaintiff executed a 5 year [*sic*] addendum (extension)

to the 2008 contract[,]" (Report at 12), which plaintiff did not do.

Upon consideration of defendant's objections and plaintiff's response thereto, and *de
novo* review of the findings and conclusions in the Report to which defendant specifically

objects, as well as all motion papers and the entire record, defendant's objections are overruled

and so much of the Report as recommends granting the branch of plaintiff's motion seeking

summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing

defendant's second counterclaim is accepted in its entirety.

---

[2] The term "Agreement," as used in defendant's amended answer and counterclaims, refers to the parties' agreement dated August 4, 2008, (Am. Ans., ¶ 5), to which the Report and this order refer as the "2008 Agreement." The term "Supplement," as used in the amended answer and counterclaims, refers "to the document titled 'KWI Cloud 9 Mobile Platform RollOut,' dated September 14, 2015," (Am. Ans., ¶ 6), to which the Report and this order refer to as the "SOW."

D.      Remainder of Report

The Court finds no clear error on the face of the Report with respect to the findings and

conclusions of Magistrate Judge Lindsay to which no specific timely objections are interposed,

including her recommendations that summary judgment be granted: (i) in favor of plaintiff on its

claim for judgment declaring that the SOW did not constitute a five (5)-year extension of the

parties' 2008 Agreement and, thus, that plaintiff "has properly terminated the [2008] Agreement,

effective April 1, 2018" (Count II of amended complaint), (Am. Compl., ¶ 124); and (ii)

dismissing defendant's third and fourth counterclaims. Accordingly, those branches of the

Report are accepted in their entirety.


II.     Conclusion

For the reasons set forth above, the parties' objections to the Report are overruled, the

Report is accepted in its entirety and, for the reasons set forth therein, plaintiff's motion for

partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted

to the extent that plaintiff is granted judgment as a matter of law: (a) declaring that the SOW did

not constitute a five (5)-year extension of the parties' 2008 Agreement and, thus, that plaintiff

has properly terminated the 2008 Agreement, effective April 1, 2018, and (b) dismissing

defendant's second, third and fourth counterclaims in their entirety with prejudice; and plaintiff's

motion is otherwise denied.

SO ORDERED.

    /s/ *Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge


Dated: October 9, 2020
      Central Islip, New York